UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASPER L. FRAZIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:20-cv-01581-TWP-MPB |
| | ) |
| MIKE ELLIS, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Jasper Frazier, an inmate at Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated while he was housed at Wabash Valley Correctional Facility (WVCF). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

A. *The Complaint*

Frazier sues ten defendants: (1) Mike Ellis; (2) Sgt. Pitcher; (3) B. Croley; (4) A. Jackson; (5) Britnee Smith; (6) Daniel Bedwell; (7) Stephen Hunt; (8) Amy Strader; (9) McKim; and (10) Aaron Benefiel.

Frazier alleges in his complaint that, starting in October of 2018, he was hired to work by Aramark Food Service at WVCF washing pots and pans. He asserts that this work caused his hands to hurt and become swollen. He complained to defendant Strader. At some point, he was moved to D-Line serving food and stacking trays and then to sanitation.

On about May 10, 2019, Frazier filed an informal grievance on Bedwell. A few days later, Bedwell called Frazier into his office. Smith and Pitcher were present. Bedwell asked Frazier about his grievances and Frazier stated that the sanitation job was affecting him mentally and physically.

Frazier also asserts that Jackson harassed him about bleach bottles and threatened him with a conduct report if he was found with any bleach bottles.

Frazier next states that when he was cleaning the restroom, defendant Strader accused him of having someone in the restroom with him. He told Bedwell that he felt disrespected by Strader. Aramark supervisors later gave the restroom job to another inmate.

On about May 21, 2019, when he was returning to food service, Frazier knocked on the door, waited, and then knocked again. Jackson berated Mr. Frazier for disturbing him.

Frazier also contends that Aramark scheduled him to work on his off days. He states that this was done to inflict pain for complaining about harassment. Frazier told Bedwell that he had to take time off because his hands were swollen and sore. Bedwell told Frazier that did not have anything to do with Aramark and that he needed to find another job.

When Frazier went to work on about May 30, 2020, he was carrying a clear zip lock bag with medical slips to show Bedwell. Jackson took the bag, ripped it apart, and threw it in the trash. Jackson also issued a conduct report to Frazier for having a zip lock bag. Frazier stated that Jackson issued the conduct report because of the informal grievances he had filed. Frazier asked Croley for assistance and Croley told him he had nothing to do with it. At the disciplinary hearing, Frazier contends that Croley gave a false statement. Frazier also contends that Jackson allowed another inmate to have a zip lock bag without writing a conduct report. Frazier complained about this treatment to Hunt. Frazier requested video of these incidents to be saved and defendant Ellis denied his requests. The conduct report was later dismissed.

Frazier goes on to allege that on about June 12, 2020, he had a doctor appointment. He informed Croley of the appointment, who said he would let supervisor Stephen Hunt know. Later that day, Frazier was asked if he was going to return to work. When Frazier arrived at work, Strader, Hunt, and Bedwell asked him why he did not come to work. Bedwell asked him if he was going to work and he said no because his hands were too swollen. Bedwell wrote Frazier a conduct report for refusing an assignment. He was found guilty of the disciplinary charges by Benefiel.

Frazier contends that all of these actions amount to retaliation for filing grievances, deliberate indifference to his serious medical needs, denial of equal protection, and denial of due process.

B. *Screening*

Based on the screening standard set forth above, some claims will proceed while others will be dismissed.

The claim that Jackson filed a conduct report against Frazier for carrying documents in a zip lock bag **shall proceed** as a claim that Jackson retaliated against Mr. Frazier for filing grievances. Because Frazier also claims that Jackson chose not to give another inmate a conduct report for having a zip lock bag, his equal protection claim **shall also proceed** against Jackson.

Any claim that defendant Croley provided false testimony at Mr. Frazier's disciplinary hearing is **dismissed** because "[f]alsifying a disciplinary charge [does] not give rise to liability for unconstitutional retaliation unless the motive for the fabrication was to retaliate for the exercise of a constitutional right." *Perotti v. Quinones*, 488 Fed. Appx. 141, 146 (7th Cir. Ind. 2012). Frazier has not alleged facts that would allow an inference that Croley's actions were motivated by retaliation. Any request that defendant Ellis denied Frazier's request for video of these incidents is **dismissed**. Frazier does not allege facts that would raise an inference that that this action was motivated by retaliation or discrimination against Frazier. Further, the alleged denial of the video is moot because the disciplinary action against Frazier was dismissed.

The claim that Frazier received a conduct report for failing to report to work in retaliation for filing grievances **shall proceed** against Bedwell.

Any due process claim based on this conduct report, however, must be **dismissed**. Frazier admits in his complaint that he did not go to work on the day at issue, though he contends that he notified officials of his doctor appointment. As discussed, Frazier does not have a right to a particular prison job. In addition, Frazier does not state what sanctions he incurred as a result of this disciplinary action, so he has not stated a due process claim. *See Sandin v. Conner*, 515 U.S.

472, 484 (1995) (in the absence of "atypical and significant" deprivations, the procedural protections of the Due Process Clause is not triggered). In addition, while Frazier contends that other defendants were present when he did not report to work and when Bedwell issued the conduct report, he does not sufficiently allege that any of them were responsible for issuing the conduct report. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Next, any claim that the defendants were deliberately indifferent to Frazier's serious medical needs because his job involved scrubbing pots and pans with insufficient sponges is **dismissed.** While scrubbing pots and pans may have caused Frazier pain or exacerbated his condition, he is not entitled to any particular prison job.[1] *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). In addition, while Mr. Frazier states that the sponges were insufficient, this allegation is not enough to show that the defendants were deliberately indifferent to his serious medical needs. For an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to

---

[1] Frazier may have a claim that he was forced to work on his off days in retaliation and for purposes of causing him pain, but he does not allege specifically which defendants were responsible for scheduling him to work. He has therefore failed to assert that any of the defendants are personally responsible for these alleged actions. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) ("Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation.").

an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). As Frazier explains in his complaint, he was later moved from dishwashing to serving food and then to sanitation. If he was unable to do these jobs because of pain in his hands, the allegations of the complaint allow an inference only that Mr. Frazier was not suited to these jobs, not that his supervisors were deliberately indifferent to a serious risk of harm to him.

Any claim that Frazier was harassed by defendants Jackson and Strader about a bleach bottle and when he was cleaning the restroom must be **dismissed** because isolated verbal abuse, harassment, and unprofessional conduct does not rise to the level of a constitutional violation for which relief may be granted in a civil rights case. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987)).

### III. Conclusion and Service of Process

As explained above, the retaliation and equal protection claims shall proceed against defendant Jackson and the retaliation claim will proceed against defendant Bedwell. All other claims have been dismissed. This Order includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through October 2, 2020,** in which to identify those claims.

The **clerk shall terminate defendants** Ellis, Pitcher, Croley, Smith, Strader, McKim, Benefiel, and Hunt on the docket. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Jackson and Bedwell in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**IT IS SO ORDERED.**

Date: 9/4/2020

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JASPER L. FRAZIER
114346
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Daniel Bedwell
Aramark Employee
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
PO Box 5000
Carlisle, IN 47838

Electronic service to the following employee of the Indiana Department of Correction

A. Jackson – Wabash Valley Correctional Facility